Ramona J. MEEK, Plaintiff—
Appellant,

v.

STANDARD INSURANCE COMPANY,
Defendant—Appellee.

No. 01–15496.

D.C. No. CV–00–00059–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2002.

Decided July 1, 2002.

Before SCHROEDER, Chief Judge,
GOODWIN and B. FLETCHER, Circuit
Judges.

### MEMORANDUM *

Ramona Meek appeals the district
court's summary judgment in favor of
Standard Insurance Company in her action
challenging Standard's denial of total dis-
ability benefits. The benefits were denied
because Standard found that her disability
was caused by a mental condition and that
benefits were therefore limited to two
years.

We review for abuse of discretion.
Meek contends that her case is controlled
by our holding in *Lang v. Long–Term
Disability Plan of Sponsor Applied Re-
mote Tech. Inc.,* 125 F.3d 794 (9th Cir.
1997). In *Lang,* the insurance company
handled the claim inconsistently, first de-
nying benefits on the ground that the in-
sured had no physical disorder, and then
on the ground that her disability was not

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

caused by the physical disorder that she had. *Id.* at 789–90. Here, the insurer consistently accepted the diagnosis of the existence of fibromyalgia but, equally consistently, found that the plaintiff's disability was caused by a mental, not a physical, problem. Indeed, even her own examining physicians found that her disabilities had mental causes.

There is no showing that the insurer's conflict of interest as both plan administrator and the source of plan funds tainted its decision. There is no showing that Standard "set out from the beginning" to limit Meek's benefits. Rather, she was invited to submit more information. Any inaccuracy in the vocational consultant's description of her duties was not material to the consultant's conclusion. Standard did not misrepresent that it reviewed Dr. Colletti's records. It stated only that it had requested them. There is no merit to Meek's claims that the insurer should have sought additional information. Rather, Meek failed to meet her burden under the policy to provide evidence supporting her claim.

█ Meek seeks a declaratory judgment on the question of whether Standard is entitled to recoup overpayments of benefits from Meek based on her receipt of Social Security income. It is true that ERISA does not provide a mechanism to enforce a plan beneficiary's contractual obligation to reimburse the Plan. *See Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 712–13, 151 L.Ed.2d 635 (2002). In other words, a reimbursement decreed by a federal court is simply not available under ERISA. *Id.* at 712, 719. However, there is no bar to plan provisions requiring reimbursement or to demands for reimbursement. Since Standard has not brought suit for breach of contract to enforce the reimbursement provision, we have no jurisdiction at this time to decide whether ERISA preempts such a state-law cause of action. *See id.* at 718 (leaving open the question of whether a state-law breach of contract claim for reimbursement under an ERISA plan is preempted).

Meek's state law claim arises under a Nevada statute regulating insurance but is nevertheless preempted under the law of this circuit. *See Kanne v. Conn. Gen. Life Ins. Co.,* 867 F.2d 489, 493 (9th Cir.1988).

AFFIRMED.